FILED
at ___ O'clock & ___ min. ___ M
FEB 03 2011
United States Bankruptcy Court
Columbia, South Carolina (32)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Angelo Romas and<br>Barbara Romas,<br><br>　　　　　　Debtors,<br><br>Office of the United States Trustee,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Wells Fargo Bank NA,<br><br>　　　　　　Defendant. | Misc. Pro. No. 10-90007-jw<br><br>Chapter 13<br><br>Case No. 10-40561 (MBK)<br>(Pending in District of New Jersey) |

**ORDER DENYING MOTIONS TO QUASH**

This matter came before the Court on two motions (the "Motions") of Wells Fargo Bank, NA ("Wells Fargo") for entry of orders quashing two Subpoenas Duces Tecum and Ad Testificandum Pursuant to Fed.R.Bankr.P. 2004 issued by the United States Trustee for Region 3 (the "UST"). One subpoena was issued to Wells Fargo Home Mortgage (the "Wells Fargo Subpoena"). The other subpoena was issued to Teressa J. Williams, Bankruptcy Supervisor (the "Williams Subpoena"). Collectively the Wells Fargo Subpoena and the Williams Subpoena will be referred to as the "Subpoenas." This is a core proceeding and this Court has jurisdiction to determine this matter pursuant to 28 U.S.C. § 157(b)(2) and Local Civil Rule 83.x.01, DSC. The UST objected to the Motions and a hearing was held on January 24, 2011. Based on the arguments and pleadings of counsel and the evidence submitted to the Court, the Court makes the following findings of fact and conclusions of law:

ENTERED
FEB 03 2011
J.G.S.

## **FINDINGS OF FACT**

1. The Subpoenas relate to a proof of claim filed by Wells Fargo in the bankruptcy case of Angelo Romas and Barbara Ann Romas (the "Debtors"). On October 1, 2010, the Debtors filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Petition"), in the Bankruptcy Court for the District of New Jersey, Trenton vicinage.

2. In Schedule A accompanying the Petition, the Debtors listed real property located at 1525 Argonne Avenue, Forked River, New Jersey 08731, which they valued at $336,000 and which is encumbered by a secured claim of $453,132.38.

3. In Schedule D accompanying the Petition, the Debtors listed Wells Fargo Home Mortgage as a secured creditor in the amount of $403,489.46 for a first mortgage on the property located at 1525 Argonne Avenue, Forked River, New Jersey 08731.

4. On October 1, 2010, the Debtors filed a Chapter 13 Plan (the "Plan"), through which the Debtors proposed to pay $227 a month for 60 months to the Chapter 13 Trustee commencing on November 1, 2010.

5. The Plan proposed to pay $1,274 to the Debtors' attorney, $5,000 to the IRS, and a $6,000 mortgage arrearage to Wells Fargo Home Mortgage in addition to paying the Debtors' regular monthly mortgage payment of $3,079 outside of the Plan.

6. On December 28, 2010, the Bankruptcy Court for the District of New Jersey held a hearing, at which the Plan was confirmed, but with payments of $227 per month for two months and $232 per month for the remaining 58 months.

7. Wells Fargo did not file an objection to the Debtors' Plan.

8. On November 4, 2010, Wells Fargo filed proof of claim 5-1 (the "Proof of Claim") in the Debtors' case asserting a secured claim of $405,649.28, which included a pre-petition arrearage of $6,226.70.

9. Wells Fargo attached to the Proof of Claim a document entitled "Itemization of Total Debt and Arrearages as of the Time of Filing," which listed an "Escrow Balance" of ($1,006.62).

10. Wells Fargo attached to the Proof of Claim a recorded mortgage naming Superior Mortgage Corp. as the lender. There was no note or assignment of mortgage from Superior Mortgage Corp. to Wells Fargo attached to the Proof of Claim.

11. The Proof of Claim was signed by "Teressa J. Williams, Bankruptcy Supervisor."

12. On December 8, 2010, the UST issued the Subpoenas.

13. In the Wells Fargo Subpoena, the UST sought to compel Wells Fargo to produce documents related to the Proof of Claim to the United States Trustee's office in Newark, New Jersey by December 30, 2010, and also to provide a corporate representative to appear for an examination under Fed. R. Bankr. P. 2004 ("Rule 2004") on January 26, 2011, in the Columbia, South Carolina office of the United States Trustee.

14. In the Williams Subpoena, the UST sought to compel Teressa J. Williams, Bankruptcy Supervisor, to produce documents related to the Proof of Claim to the United States Trustee's office in Newark, New Jersey by December 30, 2010, and also to appear for a Rule 2004 examination on January 26, 2011, in the Columbia, South Carolina office of the United States Trustee.

15. On December 10, 2010, Tisha Ford-Harris, a process server (the "Process Server"), on behalf of the UST, served the Wells Fargo Subpoena upon John Kennerly, a Vice President of Wells Fargo Bank ("Kennerly") at 3476 Stateview Boulevard, Fort Mill, South Carolina 29715.

16. Also, on December 10, 2010, the Process Server, on behalf of the UST, served the Williams Subpoena upon Kennerly at 3476 Stateview Boulevard, Fort Mill, South Carolina 29715.

17. Ms. Ford-Harris testified at the hearing that she hand-delivered the Subpoenas to Mr. Kennerly, who told her he was authorized to accept service of the Subpoenas. Ms. Ford-Harris testified she handed each of the Subpoenas to Mr. Kennerly separately.

18. Counsel for Wells Fargo indicated that Ms. Ford-Harris had Mr. Kennerly's name incorrect but acknowledged he had authority to accept service of the Wells Fargo Subpoena. Although counsel for Wells Fargo stated that Mr. Kennerly did not realize he was receiving two subpoenas, Wells Fargo did not produce any evidence regarding the service of the Subpoenas.

19. Wells Fargo argued in the Motions and at the hearing that: the Subpoenas were not properly served; the UST is not a party in interest entitled to conduct a Rule 2004 examination; the Subpoenas sought a broad range of documents, which had no relationship to the Debtors' case; and the location of the Rule 2004 examinations was improper. The Court addresses each argument below.

## CONCLUSIONS OF LAW

Wells Fargo argued that the Subpoenas were improperly served. The only evidence before the Court regarding service of the subpoenas is that Ms. Ford-Harris personally served each of the Subpoenas on Mr. Kennerly, who told her that he had authority to accept service of the Subpoenas. Service on a corporation is accomplished by personal service on an officer or authorized agent of a corporation. *Bowman v. Weeks Marine, Inc.*, 936 F.Supp. 329, 343 (D.S.C. 1996). With regard to the Williams Subpoena, Mr. Kennerly represented that he was authorized to accept service on Ms. Williams' behalf. *See Hechinger Inv. Co. Of Del. v. Survivor Techs., Inc. (In re Hechinger Inv. Co.*

*of Del.)*, 287 B.R. 620, 623 (Bankr. D. Del. 2002) (citing *In re Brackett*, 243 B.R. 910, 914 (Bankr. N.D. Ga. 2000))("[a] signed proof of service constitutes prima facie evidence of valid service.") Therefore, the Court finds that the Subpoenas were properly served.

Wells Fargo further argued that the UST is not a party in interest entitled to conduct a Rule 2004 examination because the UST is not specifically included in the Rule. The UST is a party in interest for the purposes of Rule 2004 because Congress gave the UST statutory standing to participate in cases in 11 U.S.C. § 307. Section 307 confers broad standing on the UST to "raise[,] ... appear and be heard on *any issue in any case* or proceeding" arising under the Bankruptcy Code. 11 U.S.C. § 307 (emphasis added). Even before § 307 existed, the Fourth Circuit ruled that the UST is a party in interest when the UST is carrying out the public interest to prevent an abuse of the bankruptcy process. *A-1 Trash Pickup v. United States Trustee (In re A-1 Trash Pickup)*, 802 F.2d 774 (4th Cir. 1986). Other courts have also held that a UST is a "party in interest" that may raise and appear and be heard on any issue in bankruptcy cases, relying on the statutory language of § 307. *In re South Beach Sec. Inc.*, 606 F.3d 366, 371 (7th Cir. 2010)(stating that "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding is entitled to assert that interest with respect to any issue to which it pertains" and the UST has a statutory interest in making sure that bankruptcy law is not abused); *see also In re United Artists Theatre Co.*, 315 F.3d 217, 225 (3d Cir. 2003) (explaining that USTs are officers of Department of Justice who protect public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy proceedings, which, together with § 307, gave them standing to challenge a chapter 11 debtor's retention of financial advisor).

The UST uses Rule 2004 examinations to investigate abuse of the bankruptcy system in a

variety of contexts. The procedures available under Rule 2004 are an invaluable tool for carrying out the statutory mission of the United States Trustee Program, and USTs frequently rely on Rule 2004 to conduct an examination in order to combat abuses of the bankruptcy system. The Court finds that, either by statute or through inference as to the role the UST undertakes in protecting the bankruptcy system from fraud and abuse, the UST is a party in interest entitled to use the investigative tool provided by Rule 2004.

Wells Fargo further argued that the documents requested by the UST were overbroad and not related to the Debtors' case. The UST represented that the basis for the Subpoenas is the UST's interest in verifying that Wells Fargo filed an accurate and substantiated Proof of Claim.[1] In this case, the Proof of Claim filed by Wells Fargo did not include the note or assignment documents and did not include an escrow account statement required in the District of New Jersey. The documents requested in the Subpoenas related to the Debtors' case. Wells Fargo did not present any evidence showing that the Subpoenas were overbroad or unduly burdensome. As such, the Court overrules Wells Fargo's objection.

Finally, Wells Fargo argued that the location of the examinations was improper. The UST designated Columbia, South Carolina as the location for the examinations, which is approximately 80 miles from Fort Mill, South Carolina. Ms. Williams is located at the Wells Fargo office in Fort Mill, South Carolina. The Proof of Claim provides the location of Wells Fargo Home Mortgage in Fort Mill, South Carolina. The Court finds that the location of the examinations will be in Fort Mill, South Carolina unless otherwise agreed to by the parties.

---

[1] Bankruptcy Rule 3001(a) states that "[a] proof of claim shall conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a). The "appropriate Official Form" is Form 10. That form requires a creditor to "[a]ttach [an] itemized statement of interest or charges" and "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements."

NOW THEREFORE IT IS ORDERED THAT the Motions are denied. Wells Fargo shall produce all documents requested in the Subpoenas on or before 30 days from the date that this Order is entered on the docket. Testimony by the requested persons will be given at a date and time to be agreed to by Wells Fargo and the UST after the documents have been produced. If the parties cannot agree to a date and time, the Court will set such date and time. If the parties do not agree to the location for the testimony to be taken at the Rule 2004 examinations, such examinations will occur in Fort Mill, South Carolina.

AND IT IS SO ORDERED.

John E. Waites
U.S. Bankruptcy Court Judge
District of South Carolina

Date 2/3/11